PER CURIAM.
The appellant-father brought a petition for habeas corpus seeking custody of his minor children. The father and the mother had been divorced in the State of Texas, and the mother was granted custody. She left the children in Miami, Florida, with their maternal grandparents. The appellant-father’s petition was served upon these grandparents having custodial control of the children. Such control was without local authority.
The trial judge discharged the writ and dismissed the petition with the following finding:
“When the Writ of Habeas Corpus was issued in this case to the Bettners, they had the actual custody of the children. The Writ was properly served, giving this Court jurisdiction and it was binding on them. That jurisdiction could not be defeated by taking the children beyond the territorial jurisdiction of the Court, so the Court did not lose jurisdiction by reason of their removal. It had jurisdiction to inquire into the cause of their detention. That jurisdiction could not be affected by spiriting them out of the state by the respondents, but the respondents did not do so. The mother, who had the lawful custody of the children, apparently thought so and acted on that belief. Now it may be admitted that the Court was tricked. The Court is certain that the grandparents or one of them communicated with the mother of the children and advised her that the Writ of Habeas Corpus had issued requiring them to appear before the Court at a time certain and show cause why they deprived the petitioner of the custody of the children, but that begs the question. The respondents did not do anything in an attempt to deprive the Court of its jurisdiction, unless they *562 communicated with the mother and advised her what was going on (and they or one of them probably did) but they deny it and it hasn’t been proved.
“In any event, the mother of the children has their custody in New York at this time. Under the decree of the Texas Court granting the divorce, she •is entitled to it. Maybe that she has done something to forfeit her right to ■the custody of the children, but that ■cannot be assumed. - She is not a party to this case. This Court has no jurisdiction over her and if the Court found the respondents in contempt and punished them for it, the Order would probably be reversed.
“The Writ of Habeas Corpus is discharged.”
Affirmed.